**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. No. 2311011383
)
ZEPH'ONE MACE, )
)
Defendant. )

## ORDER

The Court has considered the Defendant's Motion for Review of Commissioner's Order in which the Defendant seeks to force the State into a plea bargain that was not consummated at the preliminary hearing stage in the Court of Common Pleas.

1. The important consideration here is stated above: the plea bargain offered was not consummated. At the preliminary hearing, the Dept. of Justice's felony screening unit made an offer to a misdemeanor, apparently conveyed to the assigned public defender. But before speaking to the public defender, the Defendant, acting *pro se,* announced to the Court that he wanted a continuance to hire private counsel. The continuance was granted. The plea offer was never formally communicated to the Defendant.

2. As the Court warned the Defendant, in the interim, his case was indicted and moved on to an assigned prosecutor. The new prosecutor has chosen not to

make a misdemeanor offer again. The Defendant wants the Court to force the Dept. of Justice to make the same offer (to a misdemeanor). The Commissioner refused to do so. That Order was proper on the facts and the law. It will not be overturned here.

3. There never was a plea agreement. There was apparently an offer, but it was withdrawn prior to acceptance. An offer is unaccompanied by any vested rights and may be withdrawn at any time prior to acceptance. No constitutional, ethical or other legal considerations are present that would mandate that the State make the same offer again. The Commissioner's Order denying relief is **AFFIRMED.**

**IT IS SO ORDERED**.


Dated: October 24, 2024        /s/ Charles. E. Butler
                                              Charles E. Butler, Resident Judge


cc:        Prothonotary
             James T. Betts, Deputy Attorney General
             Tiffany Anders, Esquire